CSD 1160 [05/15/03]
Name, Address, Telephone No., & I.D. No.
  JaVonne M. Phillips, Esq., SBN 187474
  Julia Szafraniec, Esq., SBN 256783
  McCarthy & Holthus, LLP          P: (619) 685-4800
  1770 Fourth Avenue               F: (619) 685-4810
  San Diego, CA 92101

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-5991

In re
  Philip James Kirk, Margaret Ann Kirk,
                                        Debtors.

BANKRUPTCY NO. 08-06734-JM7

Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank National Trust Company, as Trustee, its assignees and/or successors and the servicing agent American Home Mortgage Servicing, Inc.,
                                        Moving Party

RS No. JSZ-1

Philip James Kirk, Margaret Ann Kirk, Debtors; James L. Kennedy, Chapter 7 Trustee; and Renar Golf Communities, HOA Lien,
                                        Respondents.

Chapter No. 7

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☒ **REAL PROPERTY**     ☐ **PERSONAL PROPERTY**

Movant, **Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-14, its assignees and/or successors and the servicing agent American Home Mortgage Servicing, Inc.**, in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.  A Petition under ☒ 7  ☐ 11  ☐ 12  ☐ 13 was filed on **07/22/2008**

2.  Procedural Status:
    a. ☒   Name of Trustee Appointed (if any):  James L. Kennedy

    b. ☐   Name of Attorney of Record for Trustee (if any):

    c. ☐   (*Optional*) Prior Filing Information:
           Debtor has previously filed a Bankruptcy Petition on: _____
           If applicable, the prior case was dismissed on: _____

    d. ☐   (*If Chapter 13 case)*: Chapter 13 Plan was confirmed on or a confirmation hearing is set for _____.

    Movant alleges the following in support of its Motion:

1.  ☒ The following real property is the subject of this Motion:
    a.   Street Address of the property including county and state:

         218 Perfect Dr. #2
         Daytona Beach, FL 32124

         Volusia County

    b.   Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved);

         SINGLE FAMILY RESIDENCE

    c.   Legal description of property is attached as **Exhibit "A"**

CSD 1160

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $240,000.00

    f.    *Nature of Debtor's interest in the property:

        Owner

2. ☐ The following personal property is the subject of this Motion (*describe property*):

    a.    Fair market value of the property as set forth in the Debtor's schedules: $ _____

    b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $240,000.00

4. *Nature of Movant's interest in the property: Holder of Beneficial Interest Under First Deed of Trust.

5. *Status of Movant's loan:

    a.    Balance owing on date of Motion for Relief:     $294,700.85
    b.    Amount of monthly payment:     $1,974.50
    c.    Date of last payment:     07/02/2008
    d.    If real property:
        i.    Date of Default:     03/01/2008
        ii.    Notice of Default recorded on:     Not Applicable
        iii.    Notice of Sale published on:     06/27/2008 (S&C)
        iv.    Foreclosure sale currently scheduled for:     On hold
    e.    If personal property:
        i.    Pre-petition default:     $ _____     No. of months: _____
        ii.    Post-petition default:     $ _____     No. of months: _____

    a.    (*If Chapter 13 Case, state the following*)
        a.    Date of post-petition default:     Not Applicable
        b.    Amount of post-petition default:     $ _____

    b.    Encumbrances:
        a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Movant | $ 282,700.85 | $ 11,654.25 | 6 | $ | |
| 2nd: | $ | $ | | $ | |
| 3rd: | $ | $ | | $ | |
| 4th: | $ | $ | | $ | |
| Totals for all Liens: | $ 282,700.85 | $ 11,654.25 | 6 | $ | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:

        HOA Lien     Renar Golf Communities     $     377.14

    ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5)
CSD 1160

CSD 1160 (Page 3) [05/15/03]

    c. Relief from the automatic stay should be granted because:

        a. ☒ Movant's interest in the property described is not adequately protected.

        b. ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

        c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

            i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

            ii. the Debtor/Trustee has

                (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the Property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

                (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditor's interest in the property.

        d. ☐ *Other cause exists as follows (*specify*): ☐ See attached page.

Movant attaches the following:

1. ☒ Other relevant evidence: Declaration required by Local Bankruptcy Rules 4001-2(a)(4).

2. ☐ (*Optional*) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue and Order granting the following:

☒ Relief as requested.

☒ Other: That the ten-day stay described in Bankruptcy Rule 4001(a)(3) be waived.

Dated: October 23, 2008                                 /s/ Julia Szafraniec
                                                   [Attorney for] Movant, Julia Szafraniec, Esq.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5)
CSD 1160